[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION 
The petitioner brings this petition for a writ of habeas corpus alleging that he was denied due process concerning a disciplinary hearing. He testified that on August 31, 1996 he was assigned while at Enfield Correctional Institute to Building "D" in which the inmate is issued a key for his room. He was not issued a key however and had to gain access by summoning a Correctional Officer. On September 6 the whole building was "shaken down" and then his room on September 7, 1996 was shaken down. He shared the room with another inmate. Torres, and both were ticketed the next day because contraband was found behind the bulletin board in the room. The contraband was a long plastic spoon with a razor tied to the end by string and a long metal tweezers which Lt. Butler showed him on his desk. Lt. Butler asked him if he recognized them and he denied having seen them before. CT Page 5307
Correction Officer Johnson testified that he had a shake-down of the cell on September 7, 1998 and charged the occupants with a Class "A" violation, both Torres and Quinn.
Lt. Negron testified that the petitioner was assigned an advocate and appeared at a hearing before him on September 12, 1996 and was allowed to speak. From the evidence presented to him he found both occupants guilty in that contraband was found in their cell and that each had the responsibility to keep their cell free of contraband. A sanction of 15 days segregation and 15 days confined to quarters was imposed.
The court is not warranted in setting aside the decisions of prison administrators that have some basis in facts.Superintendent v. Hill, 472 U.S. 445, 456. The sanctions are commensurate.
For the above reasons the petition is denied.
Corrigan, JTR